# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SEAN PAUL KENNY, | |
| Plaintiff, | NO. 3:19-CV-00416 |
| v. | (JUDGE CAPUTO) |
| PRISONER TRANSPORT SERVICES, LLC, *et al.*, | |
| Defendants. | |

## **MEMORANDUM**

Presently before me is a Motion to Dismiss (Doc. 11) filed by Defendants Prisoner Transport Services, LLC ("PTS"); PTS of America, LLC ("PTS America"); and Extradition Agent Button (collectively, "Defendants"). Defendants seek dismissal for lack of personal jurisdiction. (*See* Doc. 12 at 6). Plaintiff Sean Kenny argues this Court has specific personal jurisdiction over Defendants and thus their Motion should be denied. (*See* Doc. 15 at 6). Kenny alternatively argues that if personal jurisdiction is lacking, the case should be transferred to the Middle District of Tennessee, where PTS and PTS America are headquartered. (*Id.* at 13). Because this Court lacks personal jurisdiction over Defendants, Defendants' Motion to Dismiss will be granted; however, the case will instead be transferred to the District of Arizona.

## **I. Background**

The facts from Kenny's Complaint (Doc. 1), taken as true and viewed in light most favorable to him, are as follows:

Kenny resides in Ambler, Pennsylvania. (*Id.* ¶ 1). PTS is a Tennessee limited liability corporation (LLC) with a principal place of business in Whites Creek, Tennessee. (*Id.* ¶ 2). PTS America is also a Tennessee LLC with a principal place of business in Whites Creek, Tennessee. (*Id.* ¶ 3). Finally, Button, an employee of PTS and PTS America, is domiciled in Tennessee. (*Id.* ¶ 4).

On March 26, 2017 Kenny was housed at the Maricopa County Jail in Phoenix,

Arizona, awaiting his extradition to Monroe County, Florida. (*Id.* ¶¶ 8, 10). Button escorted Kenny into a transport van and instructed him to, among other things, not ask to use the bathroom or for food. (*Id.* ¶ 11). The van was "dirty, covered in trash and smelled of body odor." (*Id.* ¶ 14). While en route, the van stopped at a different jail in Arizona to pick up another prisoner. (*Id.* ¶ 16). While there, Kenny spoke to a corrections officer at the jail about the conditions on the van. (*Id.* ¶ 17). Upon hearing the conversation, Button pulled Kenny aside, placed Kenny's hands behind his back, and "cuffed both wrists very tightly and in an awkward fashion." (*Id.* ¶ 18). Button also moved Kenny into a "segregation cage" in the van, where he was held for six hours until he apologized. (*Id.*).

The van then stopped in New Mexico to pick up another prisoner. (*Id.* ¶ 19). Kenny asked Button about the "cramped conditions" on the van, as it was now carrying ten passengers. (*Id.* ¶¶ 19, 20). In response, Button removed Kenny from the van, "slammed him shoulder first into a brick wall," and uncomfortably handcuffed him. (*Id.* ¶ 20). During the ride, Kenny was "threatened, verbally abused, harassed, denied food, denied restroom breaks, and denied medical attention." (*Id.* ¶ 23). Other passengers on the van similarly suffered. (*Id.* ¶ 24). Kenny's "transport on the van eventually ended at Shawnee County Department of Corrections in Topeka, Kansas, on March 29, 2017." (*Id.* ¶ 22).

Kenny filed his Complaint on March 7, 2019, alleging federal and state law causes of action for the abuse he suffered at the hands of Button, acting in his capacity as an employee of PTS and PTS America. Defendants subsequently filed this Motion to Dismiss (Doc. 11), arguing that if what Kenny alleges is true, this Court lacks personal jurisdiction over Defendants for all claims alleged in the Complaint (*see* Doc. 12).
The Motion has been fully briefed and is now ripe for review.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(2) provides for dismissal of an action where the court lacks personal jurisdiction over the defendants. *See* Fed. R. Civ. P. 12(b)(2). In deciding whether personal jurisdiction is lacking, accept Kenny's jurisdictional allegations as true, because Defendants are mounting a facial rather than factual attack. *See*

*MobileMedia Ideas, LLC v. Apple Inc.*, 885 F. Supp. 2d 700, 705–06 (D. Del. 2012).

Federal district courts are permitted to exercise personal jurisdiction over a nonresident to the extent allowed under the laws of the state where the district court sits. *See* Fed. R. Civ. P. 4(e); *Pennzoil Prods. Co. v. Colelli & Assocs., Inc.,* 149 F.3d 197, 200 (3d Cir. 1998). Pennsylvania's long-arm statute permits personal jurisdiction over nonresident defendants "to the constitutional limits of the Due Process Clause of the Fourteenth Amendment." 42 Pa. Cons. Stat. § 5322; *see Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1221 (3d Cir. 1992).

Personal jurisdiction comes in two forms: general and specific. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). General jurisdiction allows a court to "hear any and all claims against [parties] when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Id.* (citing *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 317 (1945)). On the other hand, specific jurisdiction depends on a defendant's "minimum contacts" with a forum state which led to the plaintiff's causes of action—not the defendant's overall vulnerability to suit in a forum. *See id.*; *Int'l Shoe Co.,* 326 U.S. at 316. A plaintiff's causes of action must "arise out of or relate to" the defendants' minimum contacts for specific jurisdiction to exist. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472–73 (1985) (quotation omitted).

### III. Discussion

Kenny acknowledges that the Court lacks general jurisdiction over Defendants. (*See* Doc. 15 at 6). I will therefore only address whether the Court has specific jurisdiction over Defendants.

**A.　Specific Jurisdiction**

Kenny asserts the Court has specific jurisdiction over Defendants. To establish specific jurisdiction: (1) the defendants must have "purposefully directed [their] activities at the forum[;]" (2) the plaintiff's causes of action "must arise out of or relate to at least one of those activities[;]" and (3) the exercise of jurisdiction must "comport[] with fair play and substantial justice." *D'Jamoos v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009)

3

(quotations omitted).[1] The parties do not dispute that PTS and PTS America have conducted business in Pennsylvania sufficient to meet the first prong of the specific jurisdiction inquiry. (Doc. 12 at 9–10; Doc. 15 at 8–9). Instead, Defendants argue that their contacts with Pennsylvania do not give rise to Kenny's causes of action. (Doc. 12 at 9–10).

I agree with Defendants. Kenny cannot show but-for causation under the second prong. To show his causes of action arise out of Defendant's contacts with Pennsylvania, Kenny must at a minimum prove a "but-for" relationship between the two. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 322 (3d Cir. 2007). This threshold test asks whether "the plaintiff's claim[s] would not have arisen in the absence of the defendant's contacts." *Id.* at 319 (citation omitted). But Kenny alleges his interactions with Button giving rise to this suit started in Arizona. (*See* Doc. 1 at ¶¶ 17–18). These interactions continued in New Mexico, and ended in Kansas. (*See id.* ¶¶ 19–24). Not one of Kenny's allegations relates to PTS or PTS America's minimum contacts with Pennsylvania. In fact, the only connection this case has to Pennsylvania is Kenny's residence here, which, without more, is insufficient to establish jurisdiction over Defendants. *See, e.g.*, *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 929 n.5 (2011); *U. S. Indus., Inc. v. Gregg*, 540 F.2d 142, 155 n.9 (3d Cir. 1976). Thus, Kenny's claims would have arisen regardless of PTS and PTS America's contacts with Pennsylvania, meaning his causes of action do not arise out of those contacts. *See O'Connor,* 496 F.3d at 323. This Court accordingly lacks jurisdiction over Defendants.

**B.     Transfer**

    1.     § 1404(a) Transfer

Kenny argues that if jurisdiction is lacking, his case should be transferred to the Middle District of Tennessee. (*See* Doc. 15 at 13). Kenny requests a transfer be made

---

[1]    Although I would ordinarily assess specific jurisdiction on a claim-by-claim basis, because all of Kenny's claims arise out of the same facts, a claim-by-claim analysis is unnecessary. *See O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 n.3 (3d Cir. 2007).

4

under 18 U.S.C. § 1404(a) because "the interests of justice would dictate the transfer of this matter . . . as opposed to dismissal . . . ." (*Id.*). If his case were dismised, Kenny argues, he would be unable to re-file in the Middle District of Tennessee because the statute of limitations has run on his claims. (*Id.*). Defendants, in their reply brief, also request a transfer to the Middle District of Tennessee if I determine a transfer is warranted. (*See* Doc. 16 at 5).

Transfer under § 1404(a) is unwarranted, however. § 1404(a) provides "a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." But venue must be proper in the transferor court (that is, this Court) for it to transfer under § 1404(a). *Van Dusen v. Barrack*, 376 U.S. 612, 634 (1964). Venue is proper in (1) a "district in which any defendant resides, if all defendants are residents of the State in which the district is located;" (2) a district where "a substantial part of the events or omissions giving rise to the claim occurred;" or (3) if neither one nor two applies, any district where "any defendant is subject to the court's personal jurisdiction." 28 U.S.C. § 1391(b). None of these three options applies here. No Defendant resides in Pennsylvania, and none of the events giving rise to the action occurred in Pennsylvania—let alone the Middle District. And as explained before, Defendants are not subject to this Court's personal jurisdiction. Thus, venue is improper here, and I cannot transfer the case under § 1404(a).

2. § 1631 Transfer

This, however, does not defeat Kenny's transfer request. Even though a court lacks personal jurisdiction over the defendants, it may transfer a case under 28 U.S.C. § 1631 to an appropriate court if it would be "in the interest of justice" to do so. *See Chavez v. Dole Food Co.,* 836 F.3d 205, 224 (3d Cir. 2016) (en banc). § 1631 provides if "there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other court in which the action . . . could have been brought at the time it was filed . . . ." 28 U.S.C. § 1631. "[W]ant of jurisdiction" includes want of personal jurisdiction. *See Chavez,* 836 F.3d at 224.

5

As noted, both sides suggest transferring this case to the Middle District of Tennessee. For transfer there to be warranted, it must be "in the interest of justice," and Kenny must have been able to bring suit in Tennessee when he filed this action in Pennsylvania. *See* 28 U.S.C. § 1631. An action could not have been "brought" in a transferee court if it would have been time-barred at the time of filing. *See Janvey v. Proskauer Rose, LLP*, 59 F. Supp. 3d 1, 6 (D.D.C. 2014). Nor would it be "in the interest of justice" for a court to transfer a case straight into a statute of limitations trap. *Cf. Goldlawr v. Heiman,* 369 U.S. 463, 466–67 (1962) (noting it would not be in the interest of justice under 28 U.S.C. § 1406(a) for a court to dismiss a case rather than transfer it where dismissal would result in claims becoming time-barred).

I cannot transfer this case to the Middle District of Tennessee because it would be time-barred there. Tennessee's applicable statute of limitations provides that personal injury claims must be filed within one year of accrual. Tenn. Code § 28-3-104(a)(1); *see Wallace v. Kato,* 549 U.S. 384, 387 (2007) (the personal injury statute of limitations for the state in which the court sits applies for § 1983 claims like Kenny's); *Elec. Power Bd. of Chattanooga v. Monsanto Co.*, 879 F.2d 1368, 1375 (6th Cir. 1989) ("the statutes of limitations of the forum state—Tennessee—apply" to common law claims brought before a Tennessee federal court). Kenny filed this action on March 3, 2019, (*see* Doc. 1), nearly two years after allegedly suffering injuries between March 26 and 29, 2017, (*id*. ¶ 23).[2] Thus, Kenny's suit would have been time-barred had he originally filed it in the Middle District of Tennessee rather than the Middle District of Pennsylvania.[3] I cannot, therefore, transfer Kenny's action to the Middle District of Tennessee, where it would meet immediate procedural doom.

Although the Middle District of Tennessee is not a proper transferee court, I may still

---

[2] Under § 1631, the date the Complaint was originally filed in the transferor court constitutes the date of filing for limitations purposes in the transferee court. 28 U.S.C. § 1631 ("[T]he action or appeal shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it is transferred.").

[3] This case was timely filed here because Pennsylvania has a two-year statute of limitations for personal injury actions, 42 Pa. Cons. Stat. § 5524.

transfer this case under § 1631 to a different court if transfer there would be appropriate. *See* 28 U.S.C. § 1631 ("the court *shall*" transfer a case it lacks jurisdiction over, "in the interest of justice," "to *any other court*" where the action could have been brought (emphasis added)); *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999) (Posner, C.J.) ("The court can transfer the case even if not asked to do so by either party." (citing *Rodriguez-Roman v. INS*, 98 F.3d 416, 423 n.9 (9th Cir. 1996))). The District of Arizona is also a potential transferee court, given the events alleged in the Complaint. Transfer to the District of Arizona is appropriate only if Kenny's action could have been brought in the District of Arizona at the time he filed here, and if the interests of justice favor transfer. *See Chavez,* 836 F.3d at 224.

Both of those conditions are met. First, Kenny could have originally filed suit in the District of Arizona. The applicable statute of limitations in Arizona is two years, Ariz. Rev. Stat. § 12-542, meaning Kenny's suit would have been timely had he originally filed it there. Additionally, the District of Arizona would have subject matter jurisdiction, have personal jurisdiction, and be a proper venue. *See Am. Fin. Res., Inc. v. Smouse*, No. CV1712019JMVMF, 2018 WL 6839570, at *5 (D.N.J. Dec. 31, 2018) (noting all three are required for the case to have been properly brought in the transferee court). The District of Arizona would have subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3), and 28 U.S.C. § 1367(a). (*See* Doc. 1 at ¶ 6). Next, the District of Arizona would have specific personal jurisdiction over Defendants because Kenny alleges that Button, as an employee of PTS and PTS America (which sent Button to extradite Kenny from the Maricopa County Jail), committed tortious acts in Arizona giving rise to Kenny's claims. (*See id.* at ¶¶ 8–18). All of Kenny's claims thus arise out of Defendants' purposeful contacts with Arizona, fairly subjecting them to the jurisdiction of its courts. *See Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472–73 (1985); *McNeal v. Zobrist*, 365 F. Supp. 2d 1166, 1172 (D. Kan. 2005) (employer subject to personal jurisdiction in state where employee committed tortious acts, despite the plaintiff's claim being brought under § 1983 for failure to train); *see also* Ariz. R. Civ. P. 4.2(a) (conferring personal jurisdiction on Arizona state

courts "to the maximum extent permitted by the Arizona Constitution and the United States Constitution"). And finally, venue would be proper in the District of Arizona because a substantial part of the events giving rise to Kenny's claims occurred there. 28 U.S.C. § 1391(b)(2); (*see* Doc. 1 at ¶¶ 8–18). Thus, Kenny could have originally filed his suit in the District of Arizona, making a § 1631 transfer there appropriate.[4]

Second, transfer would be "in the interest of justice." 28 U.S.C. § 1631. Avoiding statute of limitations issues is one reason courts may transfer a case, rather than dismiss it. *See Goldlawr v. Heiman,* 369 U.S. 463, 466–67 (1962) ("Indeed, this case is itself a typical example of the problem sought to be avoided, for dismissal here would have resulted in plaintiff's losing a substantial part of its cause of action under the statute of limitations merely because it made a mistake . . . ."). That reason applies here. Kenny filed his claim in the Middle District of Pennsylvania believing it was a proper forum and venue. Dismissing his case would bar him from refiling in the District of Arizona. The interests of justice suggest Kenny's case should be transferred rather than dismissed, so that he may "not be penalized . . . by time-consuming and justice-defeating technicalities." *Id.* (quotation omitted). Because Kenny could have originally filed suit in the District of Arizona and the interests of justice favor transfer, the case will be transferred to the District of Arizona.

## IV. Conclusion

For the above stated reasons, Defendants' Motion to Dismiss will be granted and the case transferred to the District of Arizona pursuant to 28 U.S.C. § 1631.

An appropriate order follows.


July 16, 2019  /s/ A. Richard Caputo
Date  A. Richard Caputo
  United States District Judge

---

[4] I recognize that Arizona may be an inconvenient forum for the parties, but that is an issue for the transferee court to resolve, presumably under § 1404(a).